IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
GREGORY A. KONRATH,            )
                               )
Plaintiff,                     )
                               )
vs.                            )    CAUSE NO. 3:16-CV-520
                               )
CHRISTIAN SANDS,               )
                               )
Defendant.                     )
```

**OPINION AND ORDER**

This matter is before the Court on the complaint filed by Plaintiff, Gregory A. Konrath, a *pro se* prisoner, on August 8, 2016. (DE 1.) For the reasons set forth below, the court **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because Christian Sands has prosecutorial immunity.

DISCUSSION

In this case, Konrath sues Christian Sands, a Miami County prosecuting attorney. Konrath alleges this prosecutor "violated [his] rights by filing a affidavit of probable cause for attempted murder on July 8, 2016, in Miami County Circuit Court, that had insufficient evidence to establish probable cause for attempted murder in Miami County." (DE 1 at 2.) In addition, Konrath complains that Sands prosecuted him in a different county from where the alleged murder attempt occurred. Konrath seeks money damages against the deputy prosecutor for these actions.

Konrath cannot recover money damages against the deputy prosecutor in this case. "[I]n initiating a prosecution and in

presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) (quotation marks and citation omitted). Filing probable cause affidavits and requesting to change venue during trial are both part of the presenting of the State's case. Accordingly, deputy prosecutor Christian Sands is immune from suit.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs*., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here because no amendment could cure the fact that Konrath cannot obtain any relief in a lawsuit against this Miami County deputy prosecutor. Therefore this case must be dismissed.

CONCLUSION

For the reasons set forth above, the court **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because Christian Sands has prosecutorial immunity.

DATED: August 17, 2016    /s/RUDY LOZANO, Judge
                                   United States District Court